### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF WEST VIRGINIA
### (Charleston Division)

**PHILIP E. ASHCRAFT and**
**CHRISTOPHER D. GANDARA,**
individually and on behalf of others
similarly situated,

      **Plaintiffs,**

    v.                                                                            Civil Action No. __2:15-3192__

**CORE LABORATORIES LP d/b/a**
**PROTECHNICS, CORE LABORATORIES**
**LLC, and JOHN KALIKA,**

      **Defendants.**

### COMPLAINT

NOW COME Plaintiffs Philip E. Ashcraft and Christopher D. Gandara, by and through their undersigned counsel, and file this Complaint against Defendants Core Laboratories LP d/b/a ProTechnics, Core Laboratories LLC, and John Kalika making claims to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually and on behalf of others similarly situated as provided in 29 U.S.C § 216(b), stating as follows:

### PARTIES

1. Plaintiff Philip E. Ashcraft ("Plaintiff Ashcraft") is an individual residing in Parkersburg, Wood County, West Virginia.

2. Plaintiff Christopher D. Gandara ("Plaintiff Gandara") is an individual residing in Marietta, Washington County, Ohio.

3. Defendant Core Laboratories LP d/b/a ProTechnics ("Defendant ProTechnics") is a for-profit limited partnership, organized pursuant to the laws of the State of Delaware, and authorized to do business in the State of West Virginia.

4. Defendant ProTechnics has a principal office located at 6316 Windfern Road, Houston, Texas 77040, and has places of business located at 1701 St. Mary Pike, Parkersburg, West Virginia 26104, and 150 W. Airport Industrial Park Road, Lot # 27, Parkersburg, West Virginia 26104.

5. Defendant ProTechnics provides laboratory analytics services to the petroleum industry including crude oil essays, liquid and ion-chromatography, mercury and arsenic trace analysis, and ultralow sulphur and nitrogen detection, and does business in at least 10 states throughout the United States.

6. Defendant Core Laboratories LLC ("Defendant Core Labs") is a for-profit limited liability company organized pursuant to the laws of the State of Delaware, and which is not authorized to do business in the State of West Virginia.

7. Defendant Core Labs has a principal place of business located at 6316 Windfern Road, Houston, Texas 77040.

8. Defendant Core Labs is the General Partner of Defendant ProTechnics and directs and/or controls the employment policies of Defendant ProTechnics and the terms and conditions of employment of ProTechnics employees, including policies, practices, and decisions regarding the payment of wages to ProTechnics employees.

9. Defendant John Kalika ("Defendant Kalika") is an individual residing in Wood County, West Virginia. Defendant Kalika is the District Manager for Defendant ProTechnics responsible for the business and operations of Defendant ProTechnics'

Parkersburg, West Virginia offices, and at all relevant times has been the supervisor of Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees.

10. As the District Manager, Defendant Kalika, at all relevant times, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

12. At all relevant times, Plaintiffs, and similarly situated employees, were employees of Defendants at Defendants' facilities located at 1701 St. Mary Pike, Parkersburg, West Virginia 26104, and/or 150 W. Airport Industrial Park Road, Lot # 27, Parkersburg, West Virginia 26104

13. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants ProTechnics and Kalika reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

### (Plaintiff Ashcraft)

14. Plaintiff Ashcraft was hired by Defendants ProTechnics and Core Labs on or about December 6, 2010 as a Field Service Representative.

15. Upon being hired by Defendants ProTechnics and Core Labs, Plaintiff was presented an Offer of Employment dated October 13, 2010 and signed by District

3

Manager Randy Shamblin.  The October 13, 2010 Offer of Employment stated, <u>inter alia</u>, Plaintiff Ashcraft's position as a Field Service Representative "is classified as an exempt position and as such, you will not be eligible to receive overtime pay for hours worked in excess of 40 hours in a workweek" and "[y]our initial salary will be the equivalent of $3000.00 per month paid on a bi-weekly basis."

16. The next day, on October 14, 2010, Defendants ProTechnics and Core Labs presented to Plaintiff a revised Offer of Employment dated October 14, 2010 and signed by District Manager Randy Shamblin.  The revised Offer of Employment stated Plaintiff Ashcraft's position as a Field Service Representative "is classified as a non-exempt position and as such, you will be eligible to receive overtime pay for hours worked in excess of 40 hours in a workweek" and "[y]our initial salary will be the equivalent of $36,000.00 per year paid on a bi-weekly basis at a rate of $17.31 per hour."

17. Plaintiff Ashcraft has remained a Field Service Representative throughout his employment by Defendants.

18. Plaintiff Ashcraft's duties as a Field Service Representative included traveling to Defendants' facilities to pick up tools and materials to be used in performing his duties at Defendants' customers oil and gas well sites, traveling to the gas and oil well sites of Defendants' customers, injecting fluids and radioactive isotopes into the water and sand used to conduct hydraulic fracturing at the well sites, taking samples of fluids and sand used in the hydraulic fracturing for analysis at Defendants' laboratories, remaining on the well sites to monitor the hydraulic fracturing operations, and traveling back to Defendants' facilities to return tools and materials and to drop off fluid and sand samples for analysis.

19.     Plaintiff Ashcraft's actual job duties did not qualify him for any exemption from the overtime provisions of the FLSA and he was, therefore, at all relevant times a non-exempt employee entitled to overtime pay for each hour worked over forty hours in a workweek.

20.     Despite classifying Plaintiff Ashcraft as a non-exempt employee in his October 14, 2010 Offer Letter, and despite the fact that Plaintiff Ashcraft's duties do not qualify him as an exempt employee, Defendants have, during the relevant time period, treated Plaintiff Ashcraft as an exempt employee, have paid him a salary and a bonus, and have not paid him overtime pay to which he was entitled.

21.     In or about March 2012, Defendants increased Plaintiff Ashcraft's annual salary to $37,439.74.

22.     From March 2012 until on or about November 8, 2014, Plaintiff Ashcraft was assigned to work 24 hour shifts at the well sites of Defendants' customers. Additionally, Plaintiff Ashcraft would perform compensable work prior to and after his shifts for an average of three hours. The total compensable time for each such shift, therefore, averaged 27 hours. Plaintiff worked three to four of these 27 hour shifts per workweek, accruing from 41 to 68 hours of overtime in each workweek for which he was not paid overtime compensation.

23.     Defendants failed to keep accurate records of the hours worked by Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees. Defendants do, however, possess other types of documents, including field receipts for work and materials provided by Defendants to their customers, and other invoicing documents and

revenue reports, which may be used to reconstruct the hours worked by Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees.

24. In or about October 2014, Plaintiff Ashcraft made a complaint regarding his wages to the U.S. Department of Labor, Wage and Hour Division ("DOL").

25. The DOL conducted an investigation and in the course of the investigation, placed Defendants on notice of their failure to lawfully pay Plaintiff Ashcraft overtime wages to which he was entitled.

26. Due to the DOL investigation, on or about November 8, 2014, Defendants began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees in accordance with the provisions of the FLSA, i.e. Defendants began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees overtime wages to which they are entitled.

27. In January 2015, Plaintiff was informed by the DOL investigator that Defendants had admitted Plaintiff Ashcraft was entitled to unpaid overtime wages, but asked for an indefinite amount of time to determine the amount of unpaid overtime wages owed to Plaintiff Ashcraft.

28. As of the filing of the instant Complaint, no representative of any Defendant has contacted Plaintiff regarding his entitlement to, or calculation of his unpaid overtime wages.

29. On or about Monday, February 16, 2015, Plaintiff Ashcraft was told by a similarly situated employee of Defendants that the similarly situated employee had called Defendants' human resources department and asked about the payment of unpaid overtime wages to which the similarly situated employee was entitled, and the human

resources representative told the similarly situated employee that the unpaid overtime wages would be paid in two to three months.

30. Defendants' failure to pay Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees overtime wages earned during the relevant time period despite the notice from the DOL in or about October 2014, and the inquiry by the similarly situated employee in or about February 2015, is a calculated delay by Defendants to take advantage of the running of the applicable statute of limitations and deny Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees the unpaid overtime wages to which they are entitled.

### (Plaintiff Gandara)

31. Plaintiff Gandara was hired by Defendants ProTechnics and Core Labs on or about July 18, 2012 as a Field Service Representative with an annual salary of $41,999.88.

32. Plaintiff Gandara has remained a Field Service Representative throughout his employment by Defendants.

33. In or about April 2013, Plaintiff Gandara's annual salary was increased to $43,173.58.

34. Plaintiff Gandara's duties as a Field Service Representative included traveling to Defendants' facilities to pick up tools and materials to be used in performing his duties at Defendants' customers oil and gas well sites, traveling to the gas and oil well sites of Defendants' customers, injecting fluids and radioactive isotopes into the water and sand used to conduct hydraulic fracturing at the well sites, taking samples of fluids and sand used in the hydraulic fracturing for analysis at Defendants laboratories,

remaining on the well sites to monitor the hydraulic fracturing operations, and traveling back to Defendants' facilities to return tolls and materials and to drop off fluid and sand samples for analysis.

35. Plaintiff Gandara's actual job duties did not qualify him for any exemption from the overtime provisions of the FLSA and he was, therefore, at all relevant times a non-exempt employee entitled to overtime pay for each hour worked over forty hours in a workweek.

36. Despite the fact that Plaintiff Gandara's duties do not qualify him as an exempt employee, Defendants have, during the relevant time period, treated Plaintiff Gandara as an exempt employee, have paid him a salary and a bonus, and have not paid him overtime pay to which he was entitled.

37. From approximately October 2012 until on or about November 8, 2014, Plaintiff Gandara worked 12 hour and 24 hour shifts, mostly on consecutive days, for weeks or months at a time. The total hours worked by Plaintiff Gandara under this work schedule during 2013 totaled approximately 7728 hours. The total hours worked by Plaintiff Gandara under this work schedule during 2014 totaled approximately 2549 hours.

### (Similarly Situated Employees)

38. During the relevant time period, Defendants have employed approximately 24 employees similarly situated to Plaintiffs Ashcraft and Gandara.

39. The similarly situated employees have had duties similar to the duties of Plaintiffs Ashcraft and Gandara, have worked under similar conditions and similar work schedules as Plaintiffs Ashcraft and Gandara, have been non-exempt employees entitled

to overtime wages similar to Plaintiffs Ashcraft and Gadara, have been unlawfully treated by Defendants as exempt employees in a manner similar to Plaintiffs Ashcraft and Gandara, and have been unlawfully denied overtime wages by Defendants in a manner similar to Plaintiffs Ashcraft and Gandara.

### COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

40. Plaintiffs incorporate by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Each Defendant is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

42. Defendants ProTechnics and Core Labs are each an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

43. Defendant Kalika, at all relevant times, has been a District Manager for, and an agent of Defendants ProTechnics and Core Labs, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees, and consequently, is an "employer" under the FLSA.

44. Defendants were required to pay Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees, overtime wages at a rate of one and one-half times Plaintiffs' and the similarly situated employees' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

45. Defendants failed to pay Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees all overtime wages due and owing to Plaintiffs and the similarly situated employees in violation of the FLSA, 28 U.S.C. § 207.

46. Defendants' failure to pay wages and overtime wages in violation of the FLSA was willful. Defendants' willful violation of the FLSA is evidenced by the October 14, 2010 Offer Letter to Plaintiff Ashcraft correctly stating he was a non-exempt employee, and Defendants' failure to remedy their unlawful conduct and pay Plaintiffs and the similarly situated employees all unpaid and owing overtime wages after being placed on notice of such obligation by the DOL in or about October 2014.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of similarly situated employees, pray for the following relief:

(a) That this Court certify this action as an FLSA collective action and certify a class of employees similarly situated to Plaintiffs Ashcraft and Gandara;

(b) That Plaintiffs Ashcraft and Gandara be designated as the collective class representatives;

(c) That they and the certified class may have a trial by jury;

(d) That they and the certified class be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(e) That they and the certified class be awarded liquidated damages as provided by the FLSA;

(f) That they and the certified class be awarded attorneys' fees and costs; and

(g) That they and the certified class be awarded such other relief as this Court may deem as just and equitable.

PHILIP E. ASHCRAFT and
CHRISTOPHER D. GANDARA,

By Counsel

          s/ *Mark Goldner*         
Mark Goldner, Esq. (WV State Bar No. 11286)
Maria W. Hughes, Esq. (WV State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Fifth Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com